**MICCOSUKEE TRIBE OF INDIANS OF FLORIDA, a federally-recognized Indian Tribe, Plaintiff,**

v.

**UNITED STATES of America; U.S. Department of the Interior; Bruce Babbitt, in his official capacity as Secretary of the Interior; George Frampton, in his official capacity as Assistant Secretary of the Interior; and Bonnie Cohen, in her official capacity as Assistant Secretary of the Interior, Defendants.**

No. 94–0662–CIV.

United States District Court, S.D. Florida.

March 11, 1998.

Stephen G. Bartell, U.S. Dept. of Justice, Environmental & Natural Resources Division, Washington, DC, for Defendants.

## ORDER GRANTING DEFENDANTS' MOTION TO DISMISS

HOEVELER, Senior District Judge.

THIS CAUSE is before the Court on Defendants' Motion to Dismiss, filed November 1, 1994. Plaintiff filed a response on December 9, 1994. This Court heard argument on January 20, 1995.

### BACKGROUND

On January 13, 1994, the United States and Flo–Sun Land Corporation ("Flo–Sun") entered into an agreement (hereinafter "Agreement"). As a result of the Agreement, Flo–Sun agreed to withdraw from all pending litigation concerning Everglades restoration. The corporation obtained assurances that, if it complied with the commitments detailed in the Statement of Principles entitled "Reduced Phosphorus Outputs Achieved Through Performance–Based Best Management Practices", i.e., if it complied with the phosphorous removal program, and paid its negotiated share of the clean up costs, it would not be sued by the United States or agencies thereof through June 30, 2003, as to these matters. Nothing in the Agreement precludes the United States from asserting liability for reduction of phosphorous beginning July 1, 2003. (*See Agreement,* ¶ 4).

On April 7, 1994, the Miccosukee Tribe of Indians of Florida ("Tribe") sued the United States, the Department of the Interior and certain of the Department's officials requesting that the Flo–Sun Agreement be nullified and that an injunction be entered against enforcement of the Agreement. The Complaint alleges that Defendants failed to prepare an Environmental Impact Statement ("EIS") in accordance with the National Environmental Policy Act ("NEPA"), 42 U.S.C. § 4321 et. seq. (Count I); that Defendants failed to comply with the notice and comment requirements of the Administrative Procedures Act ("APA"), 5 U.S.C. § 501 et. seq. (Count II); and that the Department of the

Dexter Lehtinen, Lehtinen, Cortinas, Vargas & Reiner, Miami, FL, for Plaintiff.

Interior exceeded its statutory authority when it entered into the Flo–Sun Agreement (Count III). Defendants seek dismissal for lack of jurisdiction pursuant to Rule 12(b)(1), Fed.R.Civ.P. and for failure to state a claim upon which relief can be granted, pursuant to Rule 12(b)(6), Fed.R.Civ.P.

## ANALYSIS

### I. Standing

As a threshold issue, Defendants assert that Plaintiff has failed to demonstrate that it has standing to bring this lawsuit. The Supreme Court has held that to have standing, a party must suffer an "actual or imminent, not conjectural or hypothetical injury." *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 112 S.Ct. 2130, 119 L.Ed.2d 351 (1992). Standing also requires a causal connection between the injury and the conduct complained of and it must be likely that the injury will be redressed by a favorable decision. *Id.* The assertion of procedural rights can also confer standing.

In the Complaint, the Tribe asserts that it has suffered an actual injury because the Flo–Sun Agreement results in the discharge of polluted water, harming the water quality of the Everglades and endangering the Tribe's existence, *Complaint,* ¶ 6. The Tribe acknowledges that the Agreement improves the *existing* state of discharge, but argues that the Agreement fails to improve the water quality to the level that the Tribe wants—thus, the "injury" to the Tribe is not clear. Therefore, the causal connection between the Tribe's injury and the United States' entry into the Agreement seems tenuous, at best.

The Tribe also alleges violation of procedural rights—specifically, Defendants' failure to prepare an EIS and failure to comply with procedural requirements of the APA, *Complaint,* ¶ 18, 19. The Supreme Court has stated that a person who seeks to assert procedural rights must demonstrate only that they have concrete interests affected.

The person who has been accorded a procedural right to protect his concrete inter-ests can assert that right without meeting all the normal standards of redressability and immediacy. Thus, under our case law, one living adjacent to a site for proposed construction of a federally licensed dam has standing to challenge the licensing agency's failure to prepare an Environmental Impact Statement, even though he cannot establish with any certainty that the Statement will cause the license to be withheld or even though the dam will not be completed for many years. *Lujan,* 504 U.S. 555, 572 at n. 16b, 112 S.Ct. 2130, 119 L.Ed.2d 351.

Members of the Tribe reside in the Everglades and depend upon its eco-system for their well-being. It may be that the Tribe can demonstrate that it has a sufficient interest in the preservation of the Everglades to assert procedural rights and a harm related thereto. Based upon the facts as presently alleged in Plaintiff's Complaint, the Tribe could have standing to sue as to protection of its procedural rights, which would permit this case to proceed. Thus, Defendants' Motion to Dismiss under Rule 12(b)(1) is DENIED. The conclusion reached below as to the dismissal of this matter, however, renders academic the determination of standing.[1]

### II. Motion to Dismiss Under Rule 12(b)(6)

■ A defendant's motion to dismiss for failure to state a claim should be granted only when "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson,* 355 U.S. 41, 45–6, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957). All that the Federal Rules of Civil Procedure require is a short and plain statement of the claim that gives the defendant fair notice of the claim and the grounds upon which it rests. *Id.* In evaluating the sufficiency of the claim, all facts stated in the complaint are accepted as true, *Hishon v. King & Spalding,* 467 U.S. 69, 73, 104 S.Ct. 2229, 81 L.Ed.2d 59 (1984), factual issues are to be resolved in favor of the plaintiff, *Quinones v. Durkis,* 638

---

**1.** In dismissing the instant case, the Court notes that it does not appear that there are rights asserted in the Tribe's complaint that will not be protected through the Tribe's intervention in Case No. 88–1886–CIV–HOEVELER, 847 F.Supp. 1567. Essentially, the Tribe makes the same arguments in the instant case that they have made in the other case.

F.Supp. 856, 858 (S.D.Fla.1986), and the prospect of recovery is irrelevant, *In Re Asbestos Litigation,* 679 F.Supp. 1096, 1098 (S.D.Fla.1987). Defendants' Rule 12(b)(6) arguments for dismissal will be addressed as to each count individually.

### Count I—Violation of National Environmental Protection Act

Plaintiff alleges that Defendants failed to abide by NEPA procedures because they failed to prepare an EIS. Under NEPA, a federal agency is required to prepare an EIS whenever it undertakes "major federal action." 42 U.S.C. § 4332. Major federal action includes "actions with effects that may be major and which are potentially subject to Federal control and responsibility." 40 C.F.R. § 1508.18. The regulation specifically excludes from the definition of "major federal action" the bringing of "judicial or administrative civil or criminal enforcement actions." *Id.*

The Tribe asserts that the Agreement constitutes "major federal action" and maintains that the Agreement itself does not stem from an enforcement action against Flo–Sun and therefore does not fall under that exception to 40 C.F.R. § 1508.18. Consequently, Plaintiff maintains, Defendants must prepare an EIS as required by NEPA. In response, Defendants assert that the Agreement does not constitute a "major federal action" and, thus, NEPA obligations do not arise as a result of the Flo–Sun Agreement. In the alternative, Defendants argue that the Agreement falls within the exception enumerated in 40 C.F.R. § 1508.18, as the Agreement was and is related to an enforcement action.[2]

In *U.S. v. Southern Florida Water Management Dist.,* 28 F.3d 1563 (11th Cir.1994), the Court of Appeals considered whether the Settlement Agreement entered into in Case No. 88–1886–CIV–HOEVELER, 847 F.Supp. 1567 constituted a major federal action from which NEPA obligations arise. The Settlement Agreement settled all claims between the principal parties involved in an action brought by the United States against the South Florida Water Management District and the Florida Department of Environmental Regulation. Pursuant to the Settlement Agreement, a Consent Decree was entered by this Court to compel Everglades restoration. The Eleventh Circuit determined that "it would be premature and serve no useful purpose" to require the preparation of an EIS when no specific federal action was proposed. *Id.* at 1573. The Court of Appeals further explained that the proper time for conducting NEPA review is if and when federal activities are actually proposed. *Id.* Thus, the entry into an agreement in and of itself, was insufficient to trigger the EIS requirement.

Unlike the Settlement Agreement reviewed in 28 F.3d 1563, which included a detailed technical plan and various phosphorous criteria methodology, the instant Agreement is rather vague. No specific "major federal action" has been proposed in the Flo–Sun Agreement. Indeed, the United States has pledged a degree of inaction dependent upon compliance by Flo–Sun. If and when specific federal action is proposed, the responsible agency will have to comply with NEPA requirements. However, at the pertinent time, no federal action had yet been performed which constituted "major federal action" and, thus, the preparation of an EIS was not required. This Court finds that NEPA obligations do not arise as a result of the Flo–Sun Agreement. As additional support, the Court observes that entry into this Agreement may also fall within the statutory exception for activities related to enforcement actions.

Defendants' Motion to Dismiss Count I is hereby GRANTED.

### Count II—Violation of Administrative Procedures Act

Plaintiff alleges that Defendants failed to comply with the notice and comment requirements of the APA. The APA requires that an agency must publish notice of a proposed rule making in the Federal Register and afford interested persons the opportunity to participate in the rule making. 5 U.S.C. § 553. There are, however, notable exceptions to this requirement; for example, notice and comment requirements do not ap-

---

**2.** Defendants suggest that since the *initiation* of an enforcement action is not a major federal action, it follows that the Flo–Sun Agreement is not a major federal action either.

ply to the promulgation of "interpretative rules."[3] *Id.*

Plaintiff alleges that the Defendants failed to comply with the notice and comment requirements of the APA when they failed to provide the Tribe with notice and an opportunity to be heard before signing the Flo-Sun Agreement. Plaintiff asserts that the Agreement is essentially agency policy which was executed without observance of procedure as required by the APA, 5 U.S.C. § 551 et seq., *Complaint,* ¶ 24, and that Defendants' failure to observe the procedural requirements of the APA substantially harmed the Tribe.

In their motion to dismiss, Defendants argue that the United States' decision to enter into the Flo-Sun Agreement was not subject to the notice and comment requirements of the APA because the decision to enter into the Flo-Sun Agreement was not "rule making" for purposes of the APA. Defendants contend that the Tribe misconstrues the decision to enter into the Agreement.

The notice and comment requirements of the APA apply only to proposed agency rule making. In order to determine whether the Agreement is subject to such notice and comment requirements, the Court must determine if the promulgation of the Agreement, or the Agreement itself, constitutes "rule making" which triggers the notice and comment requirements of the APA. As a general principle, a litigation decision to enter into a settlement agreement does not require notice and comment.[4] The Court finds that the Agreement at issue was the result of a litigation decision, rather than an effort to establish a "rule".

I conclude that Defendants' failure to provide notice and an opportunity to participate

regarding the execution of the Flo-Sun Agreement does not constitute a violation of the APA.

Thus, Defendants' Motion to Dismiss Count II is hereby GRANTED.

*Count III—Violation of Statutory Authority*

■ Plaintiff claims that the Flo-Sun Agreement is a contract between two parties and constitutes agency action which is outside the Department of the Interior's statutory authority. The Tribe's pleading in this regard could possibly warrant three different interpretations. It is not entirely clear whether the Tribe's pleading refers to a violation of statutory authority to enter into a settlement agreement, a violation of the APA's notice and comment requirements, or a suggestion that the settlement agreement enjoins other agencies. If the Tribe's pleading means to allege that the violation of statutory authority occurred when the APA's notice and comment requirements were not observed, this argument would be a repetition of the claim in Count II which has been addressed above. Furthermore, the language of the Agreement on its face refutes any allegation that it may bind other agencies. Thus, the Court interprets the Tribe's pleading as alleging a violation of the Department of the Interior's authority to enter into a settlement agreement.

■ Defendants assert that the promulgation of and entry into the instant Agreement is within the discretion of the Department of Justice, and that although the Department of the Interior engaged in discussions leading up to the Agreement, the Department of Justice exercised the exclusive right to give final approval of the Agreement.[5] Defendants further assert

---

**3.** 5 U.S.C. § 551(4) provides that " 'rule' means the whole or a part of an agency statement of general or particular applicability and future effect designed to implement, interpret, or prescribe law or policy or describing the organization, procedure, or practice requirements of an agency and includes the approval or prescription for the future of rates, wages, corporate or financial structures or reorganizations thereof, prices, facilities, appliances, services or allowances therefor or of valuations, costs, or accounting, or practices bearing on any of the foregoing."

**4.** Neither Plaintiff nor Defendants have provided any case authority as to whether a litigation decision to enter into a settlement agreement constitutes the establishment of a "rule" for purposes of the APA's notice and comment requirements. The Court has found no authority on the issue. It appears to be an obvious and general principle that a litigation decision to enter into a settlement agreement does not require notice and comment.

**5.** According to *I.C.C. v. Southern Ry. Co.,* 543 F.2d 534 (5th Cir.1976), a federal agency may

that not only did the Assistant Attorney General of the Environmental Division approve the Agreement prior to its execution, but the Associate Attorney General of the United States also approved it. Under 28 U.S.C. § 516 the Department of Justice has the exclusive authority to conduct and supervise all litigation on behalf of the United States. Moreover, the Supreme Court has defined this power as broad, noting that this power "includes the power to enter into consent decrees and settlements." *Swift & Co. v. U.S.*, 276 U.S. 311, 48 S.Ct. 311, 72 L.Ed. 587 (1928).

The Tribe contends that the Department of Justice did not approve of the Agreement (as Defendants assert), but rather merely acknowledged the Agreement *after* it was signed and approved by the Secretary of the Interior. Even assuming for the purposes of analysis that the Tribe is correct and that the Department of Justice did not approve of the decision to settle this litigation (a proposition which does not seem to be supported), such decision apparently was made by the Department of the Interior and is, therefore, an agency action. Defendants claim that because the Flo–Sun Agreement was for the purpose of settlement, it is therefore not judicially reviewable because the decision to settle an action is an agency act committed to agency discretion under 5 U.S.C. § 701(a)(2). Under 5 U.S.C. § 701(a)(2), agency action which is committed to agency discretion is not judicially reviewable. The Supreme Court has stated that an agency's decision not to prosecute or enforce is a decision generally committed to agency discretion and therefore is not reviewable. *Heckler v. Chaney*, 470 U.S. 821, 105 S.Ct. 1649, 84 L.Ed.2d 714 (1985).

The Court finds that dismissal of Count III is warranted. Based on the pleadings, including the Agreement (attached to Plaintiff's Complaint and, therefore, reviewable on a motion to dismiss), it is clear that the Department of the Interior's decision to enter into the Flo–Sun Agreement had the full authorization of the Department of Justice. (As noted above, even if the Department of

Justice had not authorized the decision to enter into the settlement agreement, it does not appear that this Court has the power to review the Department of the Interior's decision as it constitutes an agency action generally committed to agency discretion.) Therefore, no statutory authority has been abrogated. Thus, Defendants' Motion to Dismiss Count III is hereby GRANTED. It is, thus,

ORDERED AND ADJUDGED that Defendants' Motion to Dismiss is GRANTED.

---

only proceed in litigation without the assistance or supervision of the Attorney General if given specific authorization to do so. Neither Plaintiff nor Defendants have cited any statutory authori-

ty that permits the Department of the Interior to enter such agreements under federal law. Thus, the Attorney General's Office retains the exclusive authority.